**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10201, 10-10202 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00108-KJD-LRL-1 |
| v. | D.C. No. 2:08-cr-00108-KJD-LRL-2 |
| HOWARD J. AWAND, | |
| Defendant - Appellant, | MEMORANDUM[*] |
| LINDA M. AWAND, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted November 30, 2011
San Francisco, California

Before: THOMAS and CLIFTON, Circuit Judges, and CARR, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James G. Carr, Senior District Judge for the U.S. District
Court for the Northern District of Ohio, sitting by designation.

Appellants Howard J. Awand and Linda M. Awand appeal from their convictions under 26 U.S.C. § 7203 for failing to pay their incomes taxes on time. We affirm. Because the parties are familiar with the facts and the procedural history, we will not recount them here.

The Awands contend that this Court should reverse their convictions on the basis of a denial of due process because the statute of conviction is void for vagueness and fails to delimit prosecutorial discretion, thereby allowing arbitrary enforcement. The statute is not vague because it gives "'adequate notice to people of ordinary intelligence of what conduct is prohibited.'" *United States v. Hungerford*, 465 F.3d 1113, 1117 (9th Cir. 2006) (emphasis omitted) (quoting *United States v. Tabacca*, 924 F.2d 906, 912 (9th Cir. 1991)). Appellants do not argue that they were unaware that failure to pay taxes is prohibited by § 7203. Instead, they claim the IRS duped them into believing that failure to pay taxes when due resulted in only civil, and not criminal, consequences. But they failed to show that they actually relied on explicit IRS statements or reasonably relied on the past imposition of merely interest and civil penalties following earlier noncompliance with filing and payment deadlines.

Neither the terms of the statute nor the Awands' interpretation of their reach, even if truly based on a subjective interpretation which they derived from how the IRS responded in the past, suffices for a successful as-applied vagueness challenge. *Raley*

*v. Ohio*, 360 U.S. 423, 437-38 (1959) (finding a violation of due process where appellants showed that they relied on explicit information from the government that stated they would not be held liable for their actions).

The government's decision to prosecute the Awands, and not other late payers, is not evidence of arbitrary enforcement in light of the length and magnitude of the Awands' violations.

The Awands contend that there is insufficient proof to sustain their convictions because the government failed to show they knew that late payment is a crime. This argument is unavailing. To convict of willful misconduct, the government need show only that the defendant intentionally and voluntarily violated a known legal duty. *Cheek v. United States*, 498 U.S. 192, 201 (1991). The evidence, including the Awands' past history of late filing and payment, plus Howard Awand's admission he knew he had a duty to pay his taxes, showed that the Awands were well aware of their duties.

The Awands also argue the district court erred in failing to instruct the jurors that they had to find the Awands knew it was a crime not to pay taxes on time. The court properly stated the essential elements of the crime listed in the statute and *Cheek*, *supra*. It is not an essential element of the crime that a defendant know his actions can result in criminal sanctions.

Last, the Awands contend their sentences are unconstitutional because they result in a "debtor's prison," and, alternatively, that the court below used portions of the Sentencing Guidelines applicable to felony tax fraud and tax evasion, not the misdemeanor of failure to pay taxes. The Awands are incorrect in stating that their misdemeanor sentences are identical to felony sentences. U.S. Sentencing Guidelines Manual § 2T1.1 (2009). If the Awands had been felony offenders, their sentences would not have been capped at one year imprisonment for each offense. 26 U.S.C. § 7203. The sentence does not create a debtor's prison; the Awands were convicted and sentenced due to their willful failure to pay taxes on time, not for merely lacking the funds to pay their taxes at the time they were due.

AFFIRMED.